1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  VINCENT GAITHER,                     )   No. C 12-00041 EJD (PR)
                                          )
12          Plaintiff,                    )   ORDER OF SERVICE; DIRECTING
                                          )   DEFENDANTS TO FILE DISPOSITIVE
13     vs.                                )   MOTION OR NOTICE REGARDING
                                          )   SUCH MOTION; INSTRUCTIONS TO
14  J. CHUDY, et al.,                     )   CLERK
                                          )
15          Defendants.                   )
                                          )
16  _____  )

17

18      Plaintiff, a California inmate currently incarcerated at the Correctional Training

19  Facility ("CTF") in Soledad, filed the instant civil rights action in pro se pursuant to 42

20  U.S.C. § 1983 against prison officials for unconstitutional acts.  Plaintiff's motion for

21  leave to proceed in forma pauperis will be granted in a separate written order.

22

23                            **DISCUSSION**

24  **A.    Standard of Review**

25      A federal court must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

28  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1   claim upon which relief may be granted or seek monetary relief from a defendant who is

2   immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). <u>Pro</u> <u>se</u> pleadings must, however, be

3   liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

4   1988).

5          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6   elements: (1) that a right secured by the Constitution or laws of the United States was

7   violated, and (2) that the alleged violation was committed by a person acting under the

8   color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

9   **B.**    **Plaintiff's Claims**

10         Plaintiff alleges that CTF medical officials have failed to adequately treat his back

11   problems or his complaints of pain in his penis and testicles. (Compl. at 3A.) Plaintiff

12   claims that Defendants T. Friederichs, M. Sepulveda and J. Chudy are "acting in

13   collusion" against him because he refuses to be treated by Dr. Friederichs. (<u>Id.</u>) Plaintiff

14   claims that other inmates have been allowed to change doctors, and that he is being

15   denied that choice. Liberally construed, Plaintiff's claims are cognizable under § 1983 as

16   a violation of the Eighth Amendment's proscription against deliberate indifference to

17   serious medical needs and the right to equal protection under the Fourteenth Amendment.

18         Plaintiff claims that his Sixth Amendment rights have been violated, but even

19   liberally construed, the Court finds no cognizable claim under the Sixth Amendment

20   which involves the rights of the accused in all criminal prosecutions. Plaintiff's claims

21   have nothing to do with criminal proceedings. Accordingly, Plaintiff's Sixth Amendment

22   claim is DISMISSED with prejudice.

23

24                  **CONCLUSION**

25         For the reasons stated above, the Court orders as follows:

26         1.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for

27   Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

28   of the complaint, all attachments thereto, and a copy of this order upon **Defendants T.**

1    **Friederichs**, **M. Sepulveda** and **J. Chudy** at the **Correctional Training Facility in**

2    **Soledad**, (P.O. Box 689, Soledad, CA 96960-0689).

3         The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy

4    of this Order to the California Attorney General's Office. Additionally, the Clerk shall

5    mail a copy of this Order to Plaintiff.

6         2.    Each Defendant is cautioned that Rule 4 of the Federal Rules of Civil

7    Procedure requires him to cooperate in saving unnecessary costs of service of the

8    summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this

9    action and asked by the Court, on behalf of Plaintiff, to waive service of the summons,

10   fails to do so, he will be required to bear the cost of such service unless good cause shown

11   for their failure to sign and return the waiver form.  If service is waived, this action will

12   proceed as if Defendant had been served on the date that the waiver is filed, except that

13   pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer

14   before **sixty (60) days** from the day on which the request for waiver was sent.  (This

15   allows a longer time to respond than would be required if formal service of summons is

16   necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver

17   form that more completely describes the duties of the parties with regard to waiver of

18   service of the summons.  If service is waived after the date provided in the Notice but

19   before Defendant has been personally served, the Answer shall be due **sixty (60) days**

20   from the date on which the request for waiver was sent or **twenty (20) days** from the date

21   the waiver form is filed, whichever is later.

22        3.    No later than **sixty (60) days** from the date of this order, Defendants shall

23   file a motion for summary judgment or other dispositive motion with respect to the claims

24   in the complaint found to be cognizable above, or, within such time, notify the Court that

25   Defendants are of the opinion that this case cannot be resolved by such a motion.

26             a.    If Defendants elect to file a motion to dismiss on the grounds that

27   Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

28   § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

Order of Service; Directing Ds to file Disp. Motion
G:\PRO-SE\SJ.EJD\CR.12\00041Gaither_svc.wpd

3

1   Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

2   Terhune, 540 U.S. 810 (2003).

3           b.      Any motion for summary judgment shall be supported by adequate

4   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

5   Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

6   **nor qualified immunity found, if material facts are in dispute.  If Defendants are of**

7   **the opinion that this case cannot be resolved by summary judgment, they shall so**

8   **inform the Court prior to the date the summary judgment motion is due.**

9           4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

10  and served on Defendants no later than **thirty (30) days** from the date Defendants'

11  motion is filed.

12          a.      In the event Defendants file an unenumerated motion to dismiss

13  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

14          The Defendants have made a motion to dismiss pursuant to Rule
15          12(b) of the Federal Rules of Civil Procedure, on the ground you have not
            exhausted your administrative remedies.  The motion will, if granted, result
16          in the dismissal of your case.  When a party you are suing makes a motion
            to dismiss for failure to exhaust, and that motion is properly supported by
17          declarations (or other sworn testimony) and/or documents, you may not
            simply rely on what your complaint says.  Instead, you must set out specific
18          facts in declarations, depositions, answers to interrogatories, or documents,
            that contradict the facts shown in the Defendant's declarations and
19          documents and show that you have in fact exhausted your claims.  If you do
            not submit your own evidence in opposition, the motion to dismiss, if
20          appropriate, may be granted and the case dismissed.

21          b.      In the event Defendants file a motion for summary judgment, the

22  Ninth Circuit has held that the following notice should be given to Plaintiff:

23          The defendants have made a motion for summary judgment by
            which they seek to have your case dismissed.  A motion for summary
24          judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
            granted, end your case.
25          Rule 56 tells you what you must do in order to oppose a motion for
            summary judgment.  Generally, summary judgment must be granted when

26

27      [1] The following notice is adapted from the summary judgment notice to be given to pro
    se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

1   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

2   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3

4   DATED: _____          _____
                    5/9/2012
5                                              EDWARD J. DAVILA
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VINCENT GAITHER,

                Plaintiff,

   v.

J. CHUDY, et al.,

                Defendants.

_____/

Case Number: CV12-00041 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/10/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent Gaither H-86466
CTF - Central
P. O. Box 689
Soledad, CA 93960

Dated: _____5/10/2012_____

                                 Richard W. Wieking, Clerk
                           /s/ By: Elizabeth Garcia, Deputy Clerk